# Exhibit A

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Derricka Starks

     *Plaintiff,*

     v.

Clarity Services, Inc.,

     *Defendant.*

Case Number:

**Jury Trial Demanded**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Derricka Starks ("**Ms. Starks**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("**Clarity**"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action for damages that are not exceeding $8,000, exclusive of fees and costs, brought by Ms. Starks against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and § 34.01, Fla. Stat.

3.    Clarity is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat.

4.    Venue is proper in Pasco County, Florida because the acts complained of were committed and / or caused by the Defendant within Pasco County.

## PARTIES

5.    **Ms. Starks** is a natural person residing in the city of Hudson, Pasco County, Florida.

6.    Ms. Starks is a *"consumer"* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7.    **Clarity** is a Delaware corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8.    Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, **1200 South Pine Island Road, Plantation, FL 33324**.

9.    Clarity is a nationwide *Credit Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Reports on Plaintiff

10.    At some point prior to May 5, 2017, Clarity began maintaining a credit file on Ms. Starks.

11.    Around June 2017, Clarity began reporting that Ms. Starks had a loan from "Accession" in the amount of $275, and that $42 was past-due as of November 6, 2017. **SEE PLAINTIFF'S EXHIBIT A.**

12.    Ms. Starks never obtained a loan from "Accession" nor does she owe any money to any entity with this name.

13.     A Google search for "Accession" reveals no results relating to lending.

14.     A Google search for "Accession" and "loan" returns results mainly relating to accession loans, which generally refer to a type of loan used to assist in the finance the purchase or construction of a primary residence *in France*.

15.     The tradeline data contains no address, website, or email for whatever, or whomever, "Accession" is/was.

16.     The tradeline indicates a "delinquency date" of June 25, 2017, yet simultaneously reports the "first due date" was November 3, 2017. *Id.*

17.     In other words, Clarity is reporting that a loan to a non-existent company became delinquent four months before the first payment was due – a clear and obvious logical impossibility.

18.     Further, "Accession" has made no update to its reporting since November 6, 2017, even though payment terms are reported as "bi-weekly," meaning that as of March 1, 2024, the account had not been updated for six-and-a-half years.

19.     Clarity also inserted other clearly erroneous -- and often preposterous data -- into Ms. Starks' file.

20.     For example, on March 29, 2022, Clarity started reporting that Ms. Starks was born in 2003, when she was actually born in 1990.

21.     Another example, on July 27, 2019, Clarity reported Ms. Starks had lived at her current residence for "0" months, despite also reporting on July 31, 2019, that she had been at the same job for "66" months. *Id.*

22.     Additionally, Clarity also reported on July 27, 2019 at 9:10 a.m. that Ms. Starks had been at her current place of employment for "0" months, but on the same day at 9:12 a.m. reported that Ms. Starks had been at the same place of employment for "43" months. *Id.*

23.     Clarity grossly under-reported Ms. Starks' income -- on May 26, 2023, Clarity reported Ms. Starks' "net monthly income" was "$0.00" per month, meaning she was unemployed, when she was not. *Id.*

24.     The wildly-desperate lengths of employment and time at current address were from an abject lack of uniform data standards required from data furnishers to Clarity.

25.     Clarity, as a CRA, has a legal obligation to use reasonable procedures to ensure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

26.     Not only does Clarity not implement reasonable procedures to ensure accuracy, it implements procedures which practically guarantee false information will be reported.

27.     Clarity routinely uses procedures to place made up information in a consumer's credit file and passes it off as verifiable.

28.     Clarity programs its automated systems to insert made-up information when certain data fields are not reported by its furnishers of information.

29.     For example, Clarity's systems report a consumer's occupation as "F" if a furnisher leaves data about the consumer's occupation blank; Clarity uses a placeholder address of "123 MAIN STREET" when no employer address data is reported.

30.     Indeed, Ms. Starks' Clarity disclosure shows her employer address to be "123 Main Street Holiday FL" despite no such address existing. *Id.*

31.     Ms. Starks' occupation is reported as "F." *Id.*

32. No guide, legend, or other information exists to inform Ms. Starks (or readers of her report) that "123 Main St.," "F," "$0.00" and "0 months" are simply Clarity shorthand for "no data reported."

33. Instead of reasonable procedures designed to ensure maximum possible accuracy of reports, Clarity's automated systems are programmed to ***intentionally insert false and inaccurate information*** into a consumer's file – and do so on a very regular basis.

34. Clarity knew, or should have known, when it sold reports on Ms. Starks that it was including data which had almost no possibility of being true and was, on its face, absurd.

35. The inclusion of the aforementioned alone establishes that Clarity lacks reasonable procedures designed to ensure maximum possible accuracy of the reports it sells, as such data could not reasonably be trusted.

36. Upon learning Clarity now has additional, incorrect information regarding her personal information, Ms. Starks became upset, panicked, and concerned, as credit reports concerning her contained egregiously wrong information about her.

37. Records from Clarity show that it sold at least eighty (80) reports on her in the last 24 months which contain false and defamatory information.

38. Additionally, one of the products Clarity sells to lenders is called Clear Digital Identity™ -- which it describes as a service which "cross-references application information, phone and email details, and exclusive Clarity data to authenticate consumer identities and detect application fraud."

39. Clarity does this by "comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives

lenders a much greater assurance that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud."[1]

40.      Clarity is aware of all of the problems with its systems outlined above for multiple reasons, including having been sued by dozens of other consumers for near-identical issues.

41.      Despite such knowledge, Clarity has yet to change its systems and procedures.

42.      Clarity thus acted willfully, or in the alternative, with gross recklessness.

43.      Ms. Starks has also spent time and money correcting her file and to force the Defendant to comply with its statutory obligations and has spent time and money in procuring counsel.

44.      Ms. Starks has hired this law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## CLARITY'S VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)

45.      Ms. Starks adopts and incorporates paragraphs 1 – 44 as if fully stated herein.

46.      Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of a consumer report by including incorrect information on a report concerning Ms. Starks on at least eighty (80) separate occasions.

47.      Clarity's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

48.      Clarity is thus liable to Ms. Starks, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Starks' actual damages and statutory damages of up to $1,000 for each occurrence, reasonable attorneys' fees, and costs.

---

[1] See https://www.clarityservices.com/solutions/fraud/clear-digital-identity/

49.     Alternatively, Clarity acted negligently and is thus liable to Ms. Starks, pursuant to 15 U.S.C. § 1681o, for Ms. Starks' actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Starks respectfully requests this Honorable Court enter judgment against Clarity for:

a.     The greater of Ms. Starks' actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Starks' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Starks hereby demands a trial by jury on all issues so triable.

Respectfully submitted on September 10, 2024, by:

SERAPH LEGAL, P.A.

*/s/ Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar No.: 1045392
FGulen@seraphlegal.com
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**EXHIBITS**
A     Ms. Starks' Clarity Report, March 1, 2024 – Excerpts

# EXHIBIT A
## Ms. Starks' Clarity Report, March 1, 2024 - Excerpts

**Clarity Report for STARKS, DERRICKA**

3/1/2024

**Consumer**

Name

STARKS, DERRICKA

Address

██████████████
HUDSON, FL 34667

Reference Number

███████

**Notices**

Enclosed is a copy of your Clarity Credit Report and/or Clarity Credit Score, a "Summary of Your Rights Under the Fair Credit Reporting Act", and any applicable state rights for you. Below you can find links to help you read and understand this document.

If you wish to dispute information contained in your report, please call us to explain your dispute. You may also provide additional documentation to support your dispute, but it is not required. If you requested your Clarity Credit Report, but not your Clarity Credit Score, you may request and obtain a Clarity Credit Score.

OFAC score and flag values are derived from information maintained by the Office of Foreign Assets Control, a division of the U.S. Department of Treasury. The "Valid Social Security Format" and "Social Security Deceased" values are derived from information maintained by the Social Security Administration (SSA).

The latest information on how to read your Clarity consumer file disclosure can be found at:

https://consumersupport.clarityservices.com/how_to_read_report

The latest information on how to read your Clarity Credit Score can be found at:

https://consumersupport.clarityservices.com/how_to_read_score

Disclaimer: This consumer report may contain personally identifiable information, and may be used only in accordance with all regulatory guidelines.
© 2009 - 2024 Clarity Services Inc. All Rights Reserved.

# EXHIBIT A
## Ms. Starks' Clarity Report, March 1, 2024 - Excerpts

### Accounts

**Account #1**

#### Consumer

| | |
|---|---|
| Name: BROWN, DERRICKA | Date of Birth: 12/24/1990 |
| Address: 1815 UNIVERSITY WOODS PL, TAMPA FL 33612 | |
| Bank Routing Number: | Bank Account Number: |
| Phone Number: 8138106514 | |

#### Current

| | |
|---|---|
| Account #: 1A127 | Company: Accession |
| Account Type: Online Installment Loan | Credit Limit: |
| Ownership: Individual | Current Loan Amount: $275 |
| Number of Payments: 1 | Current Balance: $272 |
| Payment Frequency: Biweekly Only | Past Due: $42 |
| Open Date: 5/5/2017 | Actual Payment: $0 |
| First Due Date: 11/3/2017 | Next Payment Amount: $314 |
| Last Update Date: 11/6/2017 | Status: Collections |
| Delinquency Date: 6/26/2017 | Closed Date: |
| Payment History: | Closed Status: |
| Comment: | |
| Consumer Disputes: | |

#### Historical

| | |
|---|---|
| Original Account Type: Online Installment Loan | Original Loan Amount: $275 |
| First Payment Date: | First On-Time Payment Date: |
| Last Payment Date: | Last On-Time Payment Date: |
| Total Late Payments: 0 | Collections (#): 1 |
| Amount of Late Payments: $42 | Total Collections: $42 |
| Total Days Late: 0 | Days in Collections: 2399 |
| Longest Late Payment: 0 | Last Collection Date: |
| Charged Off Date: 9/24/2017 | Worst Payment Status: Charge-Off |
| Charge Off Amount: $358 | First Closed Date: 9/24/2017 |

# EXHIBIT A
## Ms. Starks' Clarity Report, March 1, 2024 - Excerpts

| Date Of Birth | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 12/24/1990 | 7/3/2019 10:44:16 am EDT 9wz0ptia[e | 2/9/2024 12:13:00 pm EST txb9j8mgkm | 86 |
| 12/24/2001 | 3/29/2022 9:17:04 am EDT 4qaq7yvs7s | 10/20/2022 10:46:23 am EDT 64pmi8dv5fw_ | 8 |

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 7/27/2019 9:10:18 am EDT myec8bh4q1 | 3/29/2022 9:17:04 am EDT 4qaq7yvs7z | 3 |
| 5 Months | 8/5/2019 11:50:02 am EDT by5f57v83m | 8/5/2019 11:50:07 am EDT yzar14kdxv | 4 |
| 6 Months | 6/22/2021 3:20:53 pm EDT 9nys37z24v. | 5/26/2023 11:50:18 am EDT dn71c93ek6 | 4 |
| 11 Months | 7/27/2019 9:09:22 am EDT 9yn46etwne | 7/27/2019 9:09:22 am EDT 9yn46ekwne | 1 |
| 12 Months | 8/25/2020 11:11:37 am EDT qmsdwchj74 | 9/16/2023 10:01:41 am EDT thtnptd8cb | 18 |
| 24 Months | 8/7/2019 11:57:08 am EDT 8lpeaycw14 | 4/5/2023 12:02:06 pm EDT p1tnwkhwy4 | 15 |
| 35 Months | 11/13/2020 1:16:45 pm EST r9xbfh1gw4 | 11/13/2020 1:16:45 pm EST i9xbfh1gw4 | 1 |
| 36 Months | 7/3/2019 10:44:16 am EDT 9wz0pti4e | 1/27/2020 3:11:44 pm EST s2vsmz37sb | 10 |
| 42 Months | 7/27/2019 9:12:36 am EDT 28t13aj0xt | 7/27/2019 9:12:36 am EDT 28t13aj0xt | 1 |
| 60 Months | 11/13/2020 1:15:26 pm EST rmcy0w2ah | 11/13/2020 1:19:04 pm EST 830p1p0c9v | 3 |
| 66 Months | 7/31/2019 8:08:39 am EDT v01qh8rw3a | 7/31/2019 8:09:24 am EDT pzrphw2kkc | 2 |

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 67 Months | 8/13/2019 8:50:39 am EDT 1jj9q37qem | 8/13/2019 8:50:41 am EDT j8amnt270k | 2 |
| 81 Months | 10/28/2020 8:29:22 am EDT ryv8m8eb5t | 10/28/2020 8:31:06 am EDT r5rxa530x9 | 3 |

# EXHIBIT A
## Ms. Starks' Clarity Report, March 1, 2024 - Excerpts

| Months at Employer | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 7/27/2019 9:10:18 am EDT myec8bh4q1 | 5/26/2023 11:50:18 am EDT dn71c93ck6 | 8 |
| 6 Months | 3/29/2022 9:17:04 am EDT 4qeq7yvs7z | 5/26/2023 11:49:57 am EDT fs1xahbd12 | 8 |
| 8 Months | 4/5/2023 12:01:10 pm EDT cs07cw16sy | 4/5/2023 12:02:06 pm EDT p1trwkhwy4 | 4 |
| 12 Months | 8/25/2020 11:11:37 am EDT qmsdwch174 | 9/14/2023 10:01:41 am EDT thiqndf8cb | 14 |
| 24 Months | 8/7/2019 11:57:08 am EDT 8tpeaycw14 | 6/22/2021 3:20:53 pm EDT 9njs37z24v | 4 |
| 35 Months | 6/21/2022 4:33:27 pm EDT 9vqkrckdg9 | 6/21/2022 4:33:27 pm EDT 9vqkrckdg9 | 1 |
| 36 Months | 7/3/2019 10:44:16 am EDT 9wz0pttaje | 3/16/2023 1:59:18 pm EDT 9qawhkhxap | 11 |
| 40 Months | 1/10/2023 6:41:34 pm EST h16h13x7gw | 1/10/2023 6:45:00 pm EST 6t6nj5jzsg | 2 |
| 42 Months | 7/31/2019 8:08:39 am EDT v01qh8rw1a | 7/31/2019 8:09:24 am EDT parphw2kkc | 2 |
| 43 Months | 7/27/2019 9:12:36 am EDT 28t13xj0ui | 8/13/2019 8:50:41 am EDT j8arrnfz70k | 3 |
| 48 Months | 11/13/2020 1:29:48 pm EST ri57p695yw | 11/13/2020 1:29:48 pm EST ri57p695yw | 1 |
| 57 Months | 10/28/2020 8:29:22 am EDT ryv8m8eb5t | 10/28/2020 8:31:06 am EDT r6rzq53Dq9 | 3 |
| 60 Months | 11/13/2020 1:15:26 pm EST rmmcy0xr2ah | 11/13/2020 1:19:04 pm EST 830p1p0c9v | 3 |
| 66 Months | 6/28/2021 4:07:23 pm EDT 7r8mqe467x | 6/28/2021 4:08:19 pm EST 2117qy0emb | 2 |
| 76 Months | 1/10/2023 6:42:16 am EST n9bv26kbnq | 1/10/2023 6:42:16 pm EST n9bv26kbnq | 1 |

| Employer Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 123 MAIN STREET HOLIDAY, FL | 6/30/2021 10:44:55 pm EDT 3s6r0zlrnn | 6/30/2021 10:44:55 pm EDT 3s6r0zlrnn | 1 |